UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                              )
                                    )
Terri A. Kobus,                     )    Case No. 06 B 4892
                                    )
              Debtor.               )    Judge Jacqueline P. Cox

**MEMORANDUM OPINION**

This matter is before the court on Debtor's "Motion to Convert to a Chapter 13." Chapter 7 Trustee David Leibowitz objects. He alleges that the debtor failed to disclose on her Statement of Financial Affairs that she transferred property at 596 Saginaw, Calumet City, Illinois, to her father within one year of filing for bankruptcy relief. Debtor's motion followed the Trustee's discovery of the transfer.

The Debtor testified at the July 13, 2006, hearing on this motion that her father owns the Saginaw property and that he has transferred a ½ interest in the property to her on two occasions. The first transfer to debtor was in 1997 when he was hospitalized. The second transfer to debtor was made in 2005; she transferred the ½ interest in the property back to her father in February 2006. Her father paid her nothing for the February 2006 transfer to him. She explained that he transferred the ½ interests to her so that she could maintain the property when he was hospitalized after suffering a stroke. She also testified that she has never borrowed against the property while her name was on the title, nor has she used it to obtain credit.

The debtor admitted that she did not schedule 1) a $9,000 loan from the federal government's Thrift Savings Plan.

Conversion of a Chapter 7 case to one under Chapter 13 is allowed by § 706(a):

> (a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under § 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

11 U.S.C. § 706(a).

This right is not absolute. The debtor may not convert to Chapter 13 if he or she has engaged in bad faith conduct. In re Mark G. De Giacomo, 430 F.3d 475 (1st Cir. 2005).

Chapter 13 does not contain an explicit good faith requirement for filing of a petition. However, § 1307(c) allows dismissal of a Chapter 13 matter for cause; lack of good faith is sufficient cause for dismissal under Chapter 13. In re Smith, 848 F.2d 816 (7th Cir. 1988).

Good faith is a term incapable of precise definition, and, therefore, the good faith inquiry is a fact intensive determination left to the discretion of the bankruptcy court. In re Rimgale, 669 F.2d 426, 431 (7th Cir. 1982).

The bankruptcy courts are to look at the totality of the circumstances in making good faith determinations. In re Schaitz, 913 F.2d 452, 453 (7th Cir. 1990).

"[T]he focus of the good faith inquiry under both Section 1307 and Section 1325 is often whether the filing is fundamentally fair to creditors and, more generally, is the filing fundamentally fair in a manner that complies with the spirit of the Bankruptcy Code's provisions." Matter of Love, 957 F.2d 1350, 1357 (7th Cir. 1992).

The following nonexhaustive list of relevant factors is to be considered in determining whether a Chapter 13 petition was filed in good faith: the nature of the debt, including the question of whether the debt would be nondischargeable in a Chapter 7 proceeding; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors. In re King, 126 B.R. 777, 781 (Bankr. N.D. Ill. 1989).

On balance Debtor Kobus has failed to report two matters: the transfer to her father and the debt she owes to the Thrift Savings Plan. In addition, the Debtor did not attempt to convert to Chapter 13 and deal with her debts in that alternative fashion until the Chapter 7 trustee discovered the prepetition transfer and threatened to bring a fraudulent transfer suit against the Debtor's father. If the Debtor had a genuine desire to repay creditors in part by means of a Chapter 13 payment plan, she would have done so without being prompted by a type of litigation that, for practical reasons, trustees pursue only in Chapter 7 and 11 cases.

Debtor's assertion that she merely held title for her father may mean that she held it in trust and that it is not property of the bankruptcy estate available for distribution to her creditors. The problem is that she did not report the transfer. Debtors can not refuse to report their interests in

property on their belief that such interests are inconsequential or otherwise not subject to bankruptcy administration.

The Bankruptcy Code grants debtors extraordinary relief, discharge of debt. However, it requires extraordinary cooperation. Debtors must fully report their income, property interests and financial affairs. This debtor has not done so. Her two omissions amount to bad faith. Either omission alone would not amount to a lack of good faith; the cumulative effect of the two omissions plus the timing of the motion to convert convinces this Court that the debtor's intent to utilize the provisions of Chapter 13 is not consistent with the implicit good-faith filing requirement in Chapter 13 cases.

The debtor's Motion to Convert to a Chapter 13 is **DENIED** as debtor's lack of good faith would support a dismissal of her Chapter 13 petition under § 1307(c).

This opinion constitutes findings of fact and conclusions of law under Bankruptcy Rule 7052. A separate order consistent with the opinion will be entered in compliance with Bankruptcy Rule 9021.

**Dated:  August 3, 2006**                    **ENTERED:**

_Jacqueline P. Cox_

**Jacqueline P. Cox**
**United States Bankruptcy Judge**